# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK DERELL VAUGHN,<br><br>　　　　　　　　　Petitioner,<br>vs.<br><br>J.S. WOODFORD, DIRECTOR,<br><br>　　　　　　　　　Respondent. | CASE NO. 06cv1483-JM (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO STAY AND TO AMEND** |

## I.

## PROCEDURAL BACKGROUND

On March 18, 2003, Frank Derell Vaughn ("Petitioner") was convicted of one count of robbery (CAL. PENAL CODE § 211), one count of second degree burglary (CAL. PENAL CODE § 459) and one count of kidnaping for purpose of robbery (CAL. PENAL CODE § 209(b)(1)). (Lodgment No. 3 at 251-54.) On January 30, 2004, Petitioner was sentenced to an indeterminate term of life in prison and a consecutive five-year term. (Lodgment No. 3 at 251-54.)

On April 28, 2005, the California Court of Appeal, Fourth Appellate District, Division One denied Petitioner's appeal. (Lodgment No. 7.) Thereafter, on July 27, 2005, the California Supreme Court denied Petitioner's Petition for Review. (Lodgment No. 9.) On January 12, 2006,

1  the California Court of Appeal, Fourth Appellate District, Division One denied Petitioner's
2  Petition for Writ of Habeas Corpus on the merits.  (Lodgment No. 11.)
3         On March 18, 2003, Frank Derell Vaugh ("Petitioner") was convicted of one count of
4  robbery (CAL. PENAL CODE § 211), one count of second degree burglary (CAL. PENAL CODE §
5  459), and one count of kidnaping for purpose of robbery (CAL. PENAL CODE § 209(b)(1)).
6  (Lodgment No. 3 at 251-54.)  On January 30, 2004, Petitioner was sentenced to an indeterminate
7  term of life in prison and a consecutive five-year term.  (Lodgment No. 3 at 251-54.)
8         On July 24, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus in this
9  Court pursuant to 28 U.S.C. § 2254. [Doc. No. 1.]  On January 8, 2007, Petitioner filed a Motion
10 for Stay and Abeyance[1] of the federal proceedings for 120 days to allow the state court to review
11 two additional claims: (1) ineffective assistance of trial counsel for failing to present fingerprint
12 evidence to establish third party culpability; and (2) ineffective assistance of appellate counsel for
13 failing to raise an ineffective assistance of trial counsel claim.  (Pet's Mot. for Stay and Mot. to
14 Amend. at 2.) [Doc. No. 11.]
15        Petitioner also requested leave to amend the instant petition to add these two additional
16 ineffective assistance of counsel claims.  (Pet's Mot. for Stay and Mot. to Amend. at 3.)  Petitioner
17 argues he could not include these claims in his original petition because appellate counsel was in
18 possession of fingerprint evidence and refused to return it to him.[2]  (Pet's Mot. for Stay and Mot.
19 to Amend. at 2-3.)  Petitioner also requested leave to amend to cite federal authority in support of
20 the original claims.  (Pet's Mot. for Stay and Mot. to Amend. at 3.)
21        On January 10, 2007, Petitioner filed a Petition for Writ of Habeas Corpus in the San
22 Diego Superior Court presenting the two ineffective assistance of counsel claims.  (Lodgment No.
23 14.)  On January 23, 2007, Respondent filed an Opposition to Petitioner's Motion to Stay and

---

[1] Petitioner's motion was titled, "Petitioner's Application for a 120-Day Stay of the Proceedings While the State Court is Given a Full and Fair Opportunity to Review Petitioner's New Claims; Request to Amend the Petition; Affidavit in Support Therefore."

[2] Petitioner states appellate counsel eventually returned the evidence, but *only after* Petitioner filed a complaint with the state bar.  (Pet's Mot. for Stay and Mot. to Amend. at 4.)

Motion to Amend. [Doc No. 13.] Petitioner replied to Respondent's opposition on February 13, 2007. [Doc. No. 16.]

## II.

## DISCUSSION

### A. Exhaustion Requirement

The first issue the Court must address is whether Petitioner's federal petition is mixed (i.e., contains both exhausted *and* unexhausted claims) or contains only fully exhausted claims. The exhaustion of available state judicial remedies is generally a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. 28 U.S.C. § 2254(b)(1); *see Rose v. Lundy*, 455 U.S. 509, 522 (1982). The two claims in Petitioner's original petition were presented to the California Supreme Court in his Petition for Review.[3] (Lodgment No. 8.) Accordingly, it is recommended that the Court find that the record demonstrates Petitioner's original petition is fully exhausted.

### B. Stay and Abey

In *Kelly v. Small,* 315 F.3d 1063 (9th Cir. 2003), the Ninth Circuit stated that a district court must consider staying a fully exhausted federal petition to permit a petitioner to exhaust other claims in state court before attempting to amend his federal petition to include the newly exhausted claims.[4] *Kelly,* 315 F.3d at 1070; s*ee also Calderon v. United States Dist. Court (Taylor)*, 134 F.3d 981, 984 (9th Cir. 1998). The district court has discretion to stay the federal proceedings. *Kelly*, 315 F.3d at 1070; *Taylor*, 134 F.3d at 988.

---

[3] Petitioner raised the following two exhausted grounds in his original federal habeas petition: (1) "Petitioner's constitutional right not to be placed twice in jeopardy was violated"; and (2) Petitioner['s] conviction for robbery "violates Petitioner's 5th and 14th constitutional rights under the due process clause." (Federal Petition for Writ of Habeas Corpus, pp. 6-7.) [Doc. No. 1]

[4] The approach used in *Kelly* and *Taylor* applies to federal petitions which contain only exhausted claims, as in the present case. In contrast, the approach used in *Rhines v. Weber*, 544 U.S. 269 (2005), applies to *mixed* federal petitions, i.e. those containing both exhausted and unexhausted claims. *See Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) ("The two approaches are distinct: *Rhines* applies to stays of *mixed* petitions, whereas the three-step procedure [in *Kelly* and *Taylor*] applies to stays of *fully exhausted* petitions.") (emphasis in original).

In *Romero v. Runnels,* No. CIV S-04-0459, 2006 WL 2460736 (E.D. Cal. 2006), the court granted a motion for stay and abeyance of the federal proceedings pending exhaustion of new claims in state court based on recently discovered DNA evidence. *Romero*, 2006 WL 2460736 at *2. Applying the Ninth Circuit's *Kelly* test, the court reasoned that a stay, followed by an amendment of the federal petition, was warranted because: 1) the factual predicate of the new claims was not available to the petitioner when he filed his federal petition, and 2) federal review could be forfeited if the new claims were not included in the federal petition. *Id.* The court further explained that granting a stay promoted the interests of comity by allowing the state court to resolve the matter first and would also prevent successive petitions by enabling federal review of all exhausted claims in one proceeding. *Id.*

In the present case, it is recommended that the Court grant the requested stay. Petitioner currently has a fully exhausted federal petition and two additional claims pending in a state petition. Similar to the circumstances in *Romero*, Petitioner here did not have access to fingerprint evidence supporting his two new claims until *after* he filed his federal petition.[5] A stay will prevent successive petitions by enabling federal review of all exhausted claims in one proceeding and further promote the interests of comity by allowing the state court the opportunity to resolve the matter first.

**C.    Motion to Amend**

Under the *Kelly-Taylor* approach, the petitioner may return to this Court following exhaustion of his state claims and seek leave to amend the federal petition to include his newly

---

[5] The *Kelly-Taylor* approach differs from the *Rhines* approach, "which requires consideration of issues such as whether petitioner has good cause for failure to exhaust before coming to federal court and whether petitioner engaged in intentional dilatory litigation tactics." *Romero,* 2006 WL 2460736 at *2. The Ninth Circuit left "for another day the question of whether the stay standard announced by the Supreme Court in *Rhines* applies to our three-step stay-and-abeyance procedure." *Jackson v. Roe,* 425 F.3d at 661. Nevertheless, it appears that even under the *Rhines* standard, Petitioner has not intentionally delayed in his quest to bring fingerprint evidence before the Court. Moreover, Petitioner demonstrates good cause for his inability to present evidence at an earlier stage because of appellate counsel's refusal to timely return evidence. *See Steele v. Ornoski*, 2006 WL 2844123 at *8 (E.D. Cal.); *Medina v. Woodford*, 2006 WL 2844578 at *3 (N.D. Cal.) (explaining that good cause exists to support a stay and abeyance where petitioner was prevented from raising a claim due to "circumstances over which he had little or no control such as the actions of counsel.").

1 exhausted claims. *Kelly,* 315 F.3d at 1070. After the state court has ruled on the new claim, the
2 parties can then litigate issues concerning amendment of the petition, including the issue of the
3 relation-back of claims. *Romero*, 2006 WL 2460736 at *2. Accordingly, Petitioner's request to
4 amend the petition is premature.

5       Petitioner also requests leave to amend his original petition to add federal authority. The
6 record demonstrates Petitioner has sufficiently cited federal authority. (Pet. at 6-7.) Specifically,
7 Petitioner alleges violations of his Fifth and Fourteenth Amendment rights under the United States
8 Constitution on both Due Process and Double Jeopardy grounds. (Pet. at 6-7.) Therefore,
9 Petitioner's request to amend the petition on this basis is moot.

10       Accordingly, it is recommended that Petitioner's Motion for Stay and Abeyance be
11 **GRANTED**, and that Petitioner's Motion to Amend be **DENIED** as premature in part and moot in
12 part. It is further recommended that the parties be ordered to comply with the briefing schedule
13 presented below.

## III.

## CONCLUSION AND RECOMMENDATION

16 For the forgoing reasons, **IT IS HEREBY RECOMMENDED**:

17     1. The Court issue an Order **GRANTING** Petitioner's Motion for Stay and Abeyance;

18     2. The Court issue an Order **DENYING** Petitioner's Motion to Amend without prejudice
19 as premature;

20     3. These proceedings be stayed and consideration of the instant petition, containing only
21 exhausted claims, be held in abeyance pending exhaustion in state court of petitioner's two new
22 claims;

23     4. Petitioner be directed to inform the Court in writing of the highest state court's decision
24 with respect to his two new claims **within 30 days** of the decision; and

25     5. Petitioner be directed to file a motion in this court to lift the stay and amend the petition
26 to include the his newly exhausted claims **within 60 days** of the highest state court's decision.

27     **IT IS ORDERED** that no later than **April 16, 2007**, any party to this action may file

written objections with the Court and serve a copy on all parties. The document should be captioned, "Objections to the Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **May l4, 2007**. The parties are advised that failure to file objections within the specified time may result in a waiver of the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *see also Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: March 12, 2007

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court

Copy to:

HONORABLE JEFFREY T. MILLER, UNITED STATES DISTRICT JUDGE
PRISONER *PRO SE*
ALL COUNSEL OF RECORD