**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FRANK DERELL VAUGHN,

Petitioner,

vs.

J.S. WOODFORD, Director,

Respondent.

CASE NO. 06 CV 1483 JM (WMc)

**ORDER (1) ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION ; (2) GRANTING MOTION FOR STAY PENDING EXHAUSTION IN STATE COURT; AND (3) DENYING MOTION TO AMEND AS PREMATURE AND WITHOUT PREJUDICE**

**BACKGROUND**

On July 24, 2006, Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his March 18, 2003 California convictions for robbery, second degree burglary, and kidnaping for the purpose of robbery. For these convictions Petitioner was sentenced to an indeterminate term of life in prison and a consecutive five-year term. Petitioner has also filed a motion to (1) stay the present petition so that he may exhaust two newly-discovered Ineffective Assistance of Counsel claims and (2) amend the present petition to include these two claims once exhausted and also to cite federal authority in support of the petition.

The matter was referred to the Honorable William McCurine, Jr., United States Magistrate Judge, for the issuance of a Report and Recommendation ("R&R"), now before the court for review. After receiving briefing from the parties, the R&R recommends that this court (1) grant Petitioner's Motion for Stay and Abeyance; (2) deny without prejudice and as premature Petitioner's motion to amend; (3) stay the proceedings pending exhaustion of Petitioner's two new state claims; (4) direct

Petitioner to inform this court in writing of the highest state court's decision with respect to his two new claims within thirty days of the decision; and (5) direct Petitioner to file a motion in this court to lift the stay and amend the petition to include his newly-exhausted claims within sixty days of the highest state court's decision.

The parties were given leave to file written objections to the R&R no later than April 16, 2007. Replies to objections were to be filed no later than May 14, 2007. To date no objections have been filed.

**DISCUSSION**

The duties of the district court in connection with a magistrate judge's R&R are set forth in the Federal Rules of Civil Procedure Rule 72(b) and 28 U.S.C. § 636. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1312-13 (9th Cir. 1981). The magistrate's conclusions of law are reviewed de novo, regardless of whether any party has filed objections thereto. See Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007). "If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). Since neither party has filed objections to the R&R, the court will therefore assume the findings of fact contained therein to be true.

Before a federal court can adjudicate a habeas petition brought pursuant to § 2254, the petitioner must have exhausted his state court remedies. 28 U.S.C. § 2254(b); Anderson v. Harless, 459 U.S. 4, 6 (1982). District courts must dismiss so-called "mixed" habeas petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982). A district court, however, has discretion to stay a mixed habeas petition in limited circumstances so that the petitioner may litigate his unexhausted claims in state court before returning to federal court. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). A stay under Rhines is appropriate only "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2)." Id. at 277. However, in the case of a fully exhausted petition, the Rhines standard–a stay is appropriate only if good cause for failure to exhaust exists and the unexhausted claims are not plainly meritless–is inapplicable. Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005); Romero v. Runnels, 2006 WL 2460736 *1, No. CIV S-04-0459 MCE-CMK-P (E.D. Cal. Aug. 23, 2006). Rather, in the present case the stay-and-abeyance procedure approved in Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 989 (9th Cir. 1998) and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d at 1149, applies. Jackson, 425 F.3d at 661 (noting that whether Rhines' "limited circumstances" standard applies to stays of fully exhausted petitions is an open question). Furthermore, it is an abuse of discretion not to stay a fully exhausted federal petition pending exhaustion of a newly-discovered state claim which could, once exhausted, be incorporated into an amended federal petition. Fetterly v. Paskett, 997 F.2d 1295, 1301 (9th Cir. 1993).

As provided in the R&R, the instant petition contains only exhausted claims. See Petition at 6-7; Lodgment 10. In his motion to stay, Petitioner contends that after he filed the present petition, he has discovered new claims which he is currently presenting to the California courts in a state habeas petition filed on January 10, 2007.[1] Under Fetterly, the stay-and-abeyance procedure should therefore be implemented as recommended in the R&R. Fetterly, 997 F.3d at 1301.

Additionally, the R&R was correct in finding that Petitioner's motion to amend the present petition to add the two new claims, which are currently pending in state court, should be denied as premature and without prejudice. See Taylor, 134 F.3d at 989. The court, therefore, does not reach the merits of the parties' arguments with respect to Petitioner's motion to amend. The court, however, declines the R&R's invitation to direct Petitioner to file a motion in this court to lift the stay and amend the petition to include his newly exhausted claims within 60 days of the highest state court's decision. See R&R at 5 ("Recommendation (5)"). The choice to file an amended petition or request

---

[1]Respondent did not object to the magistrate's factual finding that Petitioner's two new claims were actually newly-discovered. The court therefore assumes this finding to be correct. Orand, 602 F.2d at 208.

that the stay be lifted belongs to Petitioner and the court will therefore not order him to do so. Cf. Robbins, 481 F.3d at 1148.

The motion to amend to cite federal authority is also denied as moot for the reasons set forth in the R&R.

**CONCLUSION**

The court **ADOPTS** the conclusions, findings, and recommendations contained in the R&R, **with the exception of Recommendation (5)**, incorporated by reference herein. Recommendation (5) is **REJECTED** for the reason set forth above. The court **GRANTS** Petitioner's motion for a 120-day stay of the instant proceedings while the California courts review Petitioner's new claims. The 120-day stay is measured from the date this order is entered. The motion to amend is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: June 5, 2007

Hon. Jeffrey T. Miller
United States District Judge

cc: Magistrate Judge McCurrine
All Parties