# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK DERELL VAUGHN,<br><br>　　　　　　　　　Petitioner,<br><br>vs.<br><br>J.S. WOODFORD, Director,<br><br>　　　　　　　　　Respondent. | CASE NO. 06 CV 1483 JM<br><br>**ORDER (1) GRANTING MOTION TO VACATE STAY; (2) DENYING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS; AND (3) DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. No. 26, 28) |

On July 24, 2006, Petitioner, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus in this court challenging his conviction. On January 8, 2007, Petitioner filed a Motion for a 120-day Stay and Abeyance of the federal proceedings to allow the state court to review two additional claims. Petitioner also filed a Motion to Amend his original federal petition to include the two claims. On June 5, 2007, this court granted the stay but denied the leave to amend as premature. Following the California Supreme Court's denial of his state habeas petition, Petitioner now moves this court to vacate the stay and grant his request for leave to amend, and also requests appointment of counsel. The government does not oppose vacating the stay but does oppose Petitioner's motion to amend. For the reasons set forth below, the court **GRANTS** Petitioner's motion to vacate the stay, **DENIES** Petitioner's motion to

amend, and **DENIES** Petitioner's request for appointment of counsel.

## I. BACKGROUND

On March 18, 2003, Petitioner was convicted in California state court of one count of robbery, one count of second degree burglary, and one count of kidnaping for purpose of robbery. For these convictions, Petitioner was sentenced to an indeterminate term of life in prison and a consecutive five-year term. (Lodgment No. 3.) On April 28, 2005, the California Court of Appeal denied Petitioner's appeal. (Lodgment No. 7.) Thereafter, on July 27, 2005, the California Supreme Court denied a Petition for writ of review. (Lodgment No. 9.) On October 25, 2005, the judgment of conviction was rendered final for purposes of the statute of limitations governing federal habeas petitions.[1]

On July 24, 2006, within the one year statute of limitations period governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Petitioner filed a Petition for Writ of Habeas Corpus in this court pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner initially alleged: (1) his constitutional right not to be placed twice in jeopardy was violated; and (2) his due process rights were violated because the prosecution failed to prove an element of the offense of kidnaping for robbery. (*See* Doc. No. 1.)

On December 22, 2006, May 29, 2008, and January 2, 2009, Petitioner filed petitions for writs of habeas corpus in the state superior, appellate, and supreme courts raising two additional ineffective assistance of counsel claims ("IAC" claims). On January 3, 2007, Petitioner filed a Motion to Stay the federal proceedings pending exhaustion of his claims in state court, and also filed a Motion to Amend his federal petition to include the two additional claims. On June 5, 2007, this Court granted the stay but denied the leave to amend as premature. On June 10, 2009, the California Supreme Court denied Petitioner's final state habeas petition. (Lodgement No. 19.)

---

[1] The date on which the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review includes ninety days for seeking writ of certiorari for the United States Supreme Court. *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999).

Petitioner now asks the court to vacate the Stay and permit him to amend his federal Petition with the two new IAC claims. (Doc. No. 26, 28.) Respondent does not oppose vacating the Stay but opposes Petitioner's Motion to Amend as barred by the statute of limitations. (Doc. No. 30.)

## II. DISCUSSION

### A. The 120-Day Stay Should be Vacated

Petitioner seeks to vacate the 120-day stay of the federal proceeding because his state collateral claims are now fully exhausted. Respondent does not oppose vacating the stay. Accordingly, the stay should be vacated.

### B. Petitioner's Motion to Amend is Barred by AEDPA's One-Year Statute of Limitations

#### 1. Legal Standards

The AEDPA sets a one-year statute of limitations for state prisoners to file complaints in federal court seeking collateral review of their state court convictions. 28 U.S.C. § 2244(d) provides the method for calculating the AEDPA's statute of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim *is pending* shall not be counted toward any period of limitation under this subsection.

(emphasis added).

Pursuant to section 2244(d)(2) (the tolling provision), the limitations period is tolled for all the time during which a state prisoner is attempting to exhaust state court remedies with regard to a particular post-conviction application. *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999). This generally means that the statute is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects a

petitioner's final collateral challenge. *Carey v. Saffold,* 536 U.S. 214, 219-220 (2002). Properly filed state petitions, however, must be pending in order to toll the limitations period. A state petition is "pending" if filed within the one year limitations period, otherwise there is no period remaining to be tolled. *Jimenez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001); *see, e.g., Tillema v. Long,* 253 F.3d 494 (9th Cir. 2001) (holding that a state petition filed *before* the AEDPA's statute of limitations will toll the federal limitations period.)

### 2. Analysis

The statute of limitations began to run when Petitioner's judgment of conviction became final on October 25, 2005. On July 24, 2006, Petitioner filed his first federal habeas petition well within the one year statute of limitations.[2] Petitioner, however, did not seek leave to amend his federal petition until January 3, 2007; 70 days after the one year statute of limitations had expired. While the statute and case law provide statutory tolling of the one year limitations period for the entire time a petitioner is seeking state post-conviction relief, a state petition must be *pending* prior to the running of the statute of limitations in order for the tolling provision to apply. *Jimenez v. Rice,* 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner did not file his first petition for state collateral relief until December 22, 2006; 58 days after AEDPA's statute of limitations expired. Tolling is therefore inapplicable to Petitioner's amended petition because the state petition was filed nearly two months after the federal limitations period had expired. While California does not provide a rigid limitations period governing state habeas petitions (the standard is one of reasonableness), even a timely filed state petition cannot toll the federal limitations period when there is no period remaining to be tolled. Thus, because Petitioner's first state petition was filed beyond the federal deadline, tolling is inapplicable and Petitioner

---

[2] The Supreme Court has held that an application for federal habeas corpus relief does not toll the AEDPA's limitation period pursuant to section 2244(d)(2). The Court held that the tolling provision applies to state, not federal, petitions for post-conviction relief, and that the statute is not tolled during the pendency of a first federal habeas petition. *Duncan v. Walker,* 533 U.S. 167, 172 (2001).

- 4 -

has exceeded the time for filing an amended federal petition.

Respondent recognizes, however, that if Petitioner's two additional claims "relate back" to the two issues raised in his original federal petition, the amended petition would not be time barred. Fed. R. Civ. P. 15(c)(2). Whether the two issues sought to be raised in the amended petition relate back to the original pleading rests on whether or not this court determines that the two new IAC claims are *separate in time and type* from the double jeopardy and due process challenges raised in the original petition. *Mayle v. Felix,* 545 U.S. 644, 646 (2005) (emphasis added.) Under Rule 15 and *Felix,* there must be a common core of operative facts uniting the newly asserted claims with the original. *Id.* This means that the claims asserted in the amended pleading must arise "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." *Id.* at 656.

Here, Petitioner's two proposed amendments do not relate back to his original claims. In his original petition, Petitioner targeted the court's declaration of a mistrial placing him twice in jeopardy, and the prosecution's failure to provide evidence of asportation to support the kidnaping for robbery charge. Petitioner seeks to amend his petition with two ineffective assistance of counsel claims stemming from the failure of trial counsel to introduce fingerprint evidence to show third party culpability. The IAC claims do not arise out of the same core of facts as the original claims. The original claim relating to the mistrial, relies on conduct of a witness that occurred prior to the original trial and its subsequent effects. The second original claim relies on conduct of the prosecution. In contrast, the factual predicate for the two new IAC claims are based on conduct and transactions of trial and appellate counsel occurring during the original trial and during appellate review. Petitioner is targeting discreet episodes in the original and amended petitions. Therefore, the amended claims do not relate back for purposes of Rule 15 and the AEDPA's statute of limitations.

**C.     Petitioner is Not Entitled to Appointed Counsel**

There is generally no federal constitutional right to the representation of counsel

in habeas proceedings, but courts are empowered to appoint counsel to assist a petitioner if justice so requires. *Pennsylvania v. Finley,* 481 U.S. 551, 553 (1987). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygant v. Look,* 718 F.2d 952, 954 (9th 1983). Further, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures, or if an evidentiary hearing is required." *Id.*

Petitioner is not entitled to the appointed counsel in this circumstance primarily because he raises no issues of merit. This is most clearly evidenced by the fact that Petitioner has already proceeded through one full round of state post conviction collateral attacks wherein all his arguments were rejected. Further, none of his arguments present issues of first impression for this court or demand procedures normally within the province of an attorney. While Petitioner admits to his lack of legal knowledge in his reply brief and there is evidence he suffers from mental illness, appointment of counsel is not mandated nor would it be fruitful. Therefore, counsel should not be appointed.

## III. CONCLUSION

Based on the foregoing, the court hereby **GRANTS** Petitioner's motion to vacate the stay, **DENIES** Petitioner's motion to amend, and **DENIES** Petitioner's request for appointment of counsel.

**IT IS SO ORDERED**

**DATED: October 19, 2009**

_____
**Hon. Jeffrey T. Miller
United States District Judge**

cc:       All parties